## BARTON *a*. GLEDHILL.

*New York Common Pleas; General Term, May*, 1861..

### WITNESS.—HUSBAND AND WIFE.

Husbands and wives may now be examined as witnesses like any other parties, except they cannot be required to disclose any communications made by one to the other.

This was an action brought by Barton and his wife against Gledhill and his wife, to recover for a slander alleged to have been spoken by the wife of Gledhill against the wife of Barton.

The judge rejected the testimony of the plaintiffs on the objection that they were husband and wife, and could not testify on their own behalf; and the defendants succeeded. The plaintiffs now appealed.

BY THE COURT.*—HILTON, J. (after disposing of another question).—The justice, I think, clearly erred in rejecting both

---

* Present, DALY, F. J., BRADY and HILTON, JJ.

plaintiffs as witnesses at the trial on their own behalf. The law, as it then stood (*Code*, § 399), permitted any party to an action to be examined as a witness on his own behalf, except in certain instances, of which this is not one, and the fact that husbands and wives are not among the excepted cases, seems to me conclusive evidence that the Legislature did not intend to exempt them from the general rule, that no person should be excluded as a witness upon the trial of a cause, for any reason whatever, provided the case was not one of those particularly specified in section 399. (Shoemaker *a.* McKee, 19 *How. Pr.*, 86; Marsh *a.* Potter, 30 *Barb.*, 506.)

But whatever doubts may have heretofore existed upon this point, they have, it seems to me, been put at rest by the act of 1860, which in effect declares the intention of the Legislature not to except husbands and wives from being examined as witnesses, like other parties, except that they shall not be required to disclose any communication made by one to the other. (*Laws of* 1860, 187, § 12, amending *Code*, § 399.)

Judgment reversed.